# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NEXTECH SEMICONDUCTOR, LLC, | |
| PLAINTIFF, | |
| v. | NO: 7:26-CV-00080-DC-DTG |
| ADVANCED MICRO DEVICES, INC. | **JURY TRIAL DEMANDED** |
| DEFENDANT. | |

**SCHEDULING ORDER**

Pursuant to the Court's Standing Order Governing Patent Proceedings (Aug. 2, 2022), Appendix A in the above-captioned matter, the Parties hereby submit the following Joint Proposed Schedule. The Parties' positions with respect to their scheduling proposals are as follows:

**Nextech:** Nextech agrees with AMD's proposed schedule (with only a small number of specific disputes identified in the relevant cells) in the event the Court grants Nextech's Motion to Consolidate with Case No. MO:26-cv-79-DC-DTG. But in the event the Court does not consolidate the cases, Nextech proposes the contingent schedule in the lefthand column below, which is based on the default schedule under the Court's Order Governing Proceedings (with minimal adjustments to account for holidays and allow some staggering of deadlines between this case and the Micron case). If the two cases are going to follow nearly identical schedules and share a *Markman* hearing and Final Pretrial Conference, the cases should be fully consolidated as Nextech has proposed. If the Court determines that such consolidation is not appropriate, and Nextech must respond separately to each defendant's *Markman* briefs, discovery requests, expert reports, and motions, then Nextech will need some staggering in the schedules to make that

practicable, and AMD has no need for multiple weeks of delay beyond the standard OGP-dictated schedule.

**AMD**:  AMD's proposed schedule accepts the dates proposed by Nextech (except as noted) for a coordinated schedule between this case and the co-pending *Nextech v. Micron* case (7:26-cv-79) (the "Micron Case").  The two cases were filed on the same day and have several commonly asserted patents.  Although the Waco Division OGP does not apply to this case, the cases would be "CRSR Related Cases" under the Waco OGP, which would result in the coordination of the case schedules, but not consolidation of the cases.  *See* Waco OGP 4.4 Section I.  Consistent with the policy of the Waco OGP, AMD agrees that substantially coordinating schedules (but not consolidating the cases) would be judicially efficient and thus has substantially agreed to Nextech's Proposed Consolidated Schedule.

In Nextech's Proposed Consolidated Schedule and AMD's Proposed Schedule, the parties dispute only one date. The parties agree the non-patent and patent claims should be bifurcated for trial, but disagree about whether the non-patent claims should be tried first before the patent claims.

| Nextech's Contingent Proposed Schedule | Nextech's Proposed Consolidated Schedule and AMD's Proposed Schedule | Item |
|---|---|---|
| **Wednesday, June 24, 2026** 1 week before parties' proposed scheduling order is due to be filed | **Wednesday, June 24, 2026** | Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a |

| Nextech's Contingent Proposed Schedule | Nextech's Proposed Consolidated Schedule and AMD's Proposed Schedule | Item |
|---|---|---|
| | | copy of the file history for each patent in suit. |
| **Wednesday, July 1, 2026** 30 days after the Court entered its Order for Scheduling Recommendations (per Counts OGP) (extended by agreement to July 8) | **Wednesday, July 1, 2026** (extended by agreement to July 8) | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. |
| **Wednesday, July 29, 2026 at 02:00 PM** | **Wednesday, July 29, 2026 at 02:00 PM** | INITIAL PRETRIAL CONFERENCE U.S. District Court, Courtroom No. 2, Third Floor, 800 Franklin Avenue, Waco, Texas |
| **Wednesday, August 26, 2026** | **Wednesday, August 26, 2026** | Defendants serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendants contend are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendants contend are directed to ineligible subject matter under section 101. Defendants shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| **Tuesday, September 1, 2026** ~9 weeks after parties submit proposed scheduling order | **Wednesday, September 2, 2026** | Parties exchange claim terms for construction. |

| Nextech's Contingent Proposed Schedule | Nextech's Proposed Consolidated Schedule and AMD's Proposed Schedule | Item |
|---|---|---|
| **Tuesday, September 15, 2026** ~11 weeks after parties submit proposed scheduling order | **Wednesday, September 16, 2026** | Parties exchange proposed claim constructions. |
| **Tuesday, September 22, 2026** ~12 weeks after parties submit proposed scheduling order | **Wednesday, September 23, 2026** | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| **Tuesday, September 29, 2026** ~13 weeks after parties submit proposed scheduling order | **Wednesday, September 30, 2026** | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| **Monday, October 5, 2026** ~14 weeks after parties submit proposed scheduling order | **Tuesday, October 6, 2026** | Defendants file Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| **Monday, October 26, 2026** ~17 weeks after parties submit proposed scheduling order | **Tuesday, October 27, 2026** | Plaintiff files Responsive claim construction brief. |
| **Monday, November 9, 2026** | **Tuesday, November 10, 2026** | Defendants file Reply claim construction brief. |

| Nextech's Contingent Proposed Schedule | Nextech's Proposed Consolidated Schedule and AMD's Proposed Schedule | Item |
|---|---|---|
| ~19 weeks after parties submit proposed scheduling order | | |
| **Monday, November 23, 2026** ~21 weeks after parties submit proposed scheduling order | **Tuesday, November 24, 2026** | Plaintiff files a Sur-Reply claim construction brief. |
| **Monday, November 30, 2026** 3 business days after submission of Plaintiff's Sur-Reply | **Monday, November 30, 2026** | Parties submit Joint Claim Construction Statement. |
| **Wednesday, December 2, 2026** 22 weeks after parties submit proposed scheduling order | **Wednesday, December 9, 2026** | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| **Wednesday, December 9, 2026** 23 weeks after parties submit proposed scheduling order | **Wednesday, December 16, 2026** | Markman Hearing. |
| **Thursday, December 10, 2026** 1 business day after Markman hearing | **Thursday, December 17, 2026** | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a) |
| **Wednesday, January 20, 2027** 6 weeks after Markman hearing | **Wednesday, January 27, 2027** | Deadline to add parties. |
| **Wednesday, February 3, 2027** 8 weeks after Markman hearing | **Wednesday, February 10, 2027** | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their |

| Nextech's Contingent Proposed Schedule | Nextech's Proposed Consolidated Schedule and AMD's Proposed Schedule | Item |
|---|---|---|
| | | obligation to amend if new information is identified after initial contentions. |
| **Wednesday, March 31, 2027** <br> 16 weeks after Markman hearing | **Wednesday, March 24, 2027** | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| **Wednesday, June 9, 2027** <br> 26 weeks after Markman hearing | **Wednesday, July 28, 2027** | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court to arrange a teleconference with the Court to resolve the disputed issues. |
| **Wednesday, July 7, 2027** <br> 30 weeks after Markman hearing | **Wednesday, August 25, 2027** | Close of Fact Discovery. |
| **Wednesday, July 14, 2027** <br> 31 weeks after Markman hearing | **Wednesday, September 1, 2027** | Opening Expert Reports. |
| **Wednesday, August 11, 2027** <br> 35 weeks after Markman hearing | **Wednesday, September 29, 2027** | Rebuttal Expert Reports. |
| **Wednesday, September 1, 2027** <br> 38 weeks after Markman hearing | **Wednesday, October 20, 2027** | Close of Expert Discovery. |
| **Wednesday, September 8, 2027** <br> 39 weeks after Markman hearing | **Wednesday, October 27, 2027** | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, |

| Nextech's Contingent Proposed Schedule | Nextech's Proposed Consolidated Schedule and AMD's Proposed Schedule | Item |
|---|---|---|
| | | the parties are encouraged to contact the Court for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| **Wednesday, September 15, 2027** 40 weeks after Markman hearing | **Wednesday, November 3, 2027** | Dispositive motion deadline and Daubert motion deadline. |
| **Wednesday, September 29, 2027** 42 weeks after Markman hearing | **Wednesday, November 17, 2027** | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| **Wednesday, October 13, 2027** 44 weeks after Markman hearing | **Wednesday, December 1, 2027** | Serve objections to pretrial disclosures/rebuttal disclosures. |
| **Monday, October 11, 2027** 8 weeks before trial | **Monday, November 29, 2027** | Parties to contact Court to confirm their pretrial conference and trial dates. |
| **Wednesday, October 20, 2027** 45 weeks after Markman hearing | **Wednesday, December 8, 2027** | Serve objections to rebuttal disclosures; file motions in limine. |
| **Wednesday, October 27, 2027** 46 weeks after Markman hearing | **Wednesday, December 15, 2027** | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions in limine. |
| **Wednesday, November 3, 2027** 47 weeks after Markman hearing | **Wednesday, December 22, 2027** | Deadline to meet and confer regarding remaining objections and disputes on motions in limine. |

| Nextech's Contingent Proposed Schedule | Nextech's Proposed Consolidated Schedule and AMD's Proposed Schedule | Item |
|---|---|---|
| **Friday, November 12, 2027** 3 business days before Final Pretrial Conference | **Friday, January 7, 2028** 3 business days before Final Pretrial Conference | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions in limine. |
| **Wednesday, November 17, 2027** 49 weeks after Markman hearing (or as soon as practicable) | **Wednesday, January 14, 2028** | Final Pretrial Conference. Held in person unless otherwise requested. [includes dispositive motions, MILs, and Daubert] |
| **For patent claims: Monday, December 6, 2027** 52 weeks after Markman hearing (or as soon as practicable) **For non-patent claims (if needed): Monday, January 12, 2028** | **For patent claims: Agreed: March 6, 2028** **For non-patent claims:** **Nextech[1]: (if needed) March 13, 2028** **AMD[2]: Monday, February 7, 2028** | Jury Selection/Trial |

[1] Nextech's Position: Nextech does not oppose bifurcation of the counterclaims, but disagrees that later-filed counterclaims should be scheduled for trial one month before Nextech's original claims. The counterclaims, should they survive until trial, depend in part on the use of allegedly confidential materials in the patent case, and thus the proceedings in the patent case may well deal with those issues independently of any separate trial of the counterclaims. It is premature to assume that trial of the counterclaims will have any impact on the evidence presented at trial of the patent claims; and it may well be the reverse.

[2] AMD's Position: AMD requests, absent early resolution by way of early summary judgment or some other vehicle, that the non-patent contract claims be bifurcated and tried first before the patent claims. The evidence underlying AMD's non-patent contract claims (i.e., Nextech's use of pre-suit communications between AMD and then patent owner NXP in support of Nextech's patent infringement case) would be excluded if AMD prevails on its contract claims. Allowing this evidence to be presented in a trial on the patent claims at the same time as or before the non-patent contract claims would be highly prejudicial to AMD.